IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Action No.: 6:16-cr-00707-JMC-12 |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Billy Sparks, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of Defendant Billy Sparks' Motions to Reduce Sentence. (ECF Nos. 1115, 1138.) For the following reasons, the court **DENIES** Defendant's Motions.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2016, Defendant and several co-defendants were charged with conspiracy to possess with intent to distribute and to distribute methamphetamine and cocaine. (ECF No. 44.) A Superseding Indictment was filed on February 15, 2017 (ECF No. 323), and a Second Superseding Indictment was filed on March 14, 2017. (ECF No. 382.) On April 7, 2017, Defendant pled guilty to conspiring to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846. (ECF No. 464.) On February 23, 2018, Defendant was sentenced to a term of one hundred twenty (120) months of imprisonment, to be followed by five (5) years of supervised release. (ECF No. 847.)

On August 12, 2019, Defendant filed his first Motion to Reduce Sentence, based on U.S.S.G. § 3E1.1, Acceptance of Responsibility (ECF No. 1115), to which the United States filed a Response in Opposition on August 26, 2019. (ECF No. 1119.) On January 2, 2020, Defendant

filed his second Motion to Reduce Sentence based on Amendment 782 to the Sentencing Guidelines, Retroactive Revision of the Drug Quantity Table. (ECF No. 1138.) The United States filed a Response in Opposition on January 13, 2020. (ECF No. 1151.) Counsel for Defendant filed a Status Report on January 14, 2020, advising that Defendant is not entitled to relief under Amendment 782. (ECF No. 1152.)

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed except (1) upon the motion of the Director of the Bureau of Prisons, and after considering extraordinary and compelling reasons in relation to policy statements issued by the Sentencing Commission; (2) upon motion of the government pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. In this case, to warrant a sentence reduction, Defendant must prove that he is entitled to a lower offense level, and has not received the benefit.

## III.     ANALYSIS

U.S.S.G. § 3E1.1(a) provides that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Defendant argues that he is entitled to a reduction in sentence because he accepted a plea agreement, and that his post-offense rehabilitative efforts, including attending Bureau of Prisons drug counseling programs, also support his request. (ECF No. 1115.) In determining whether to award a defendant a reduction for acceptance of responsibility, the court may consider a number of factors, including whether the defendant has "voluntar[ily] terminat[ed] or withdraw[n] from criminal conduct or associations." U.S.S.G. § 3E1.1, App. N. 1(B). In this case, despite Defendant's acknowledgment of guilt during

his change of plea hearing on April 13, 2017, he engaged in drug use while on bond supervision. (ECF No. 816 at 21 ¶ 84.) Further, Defendant admitted that he used his dog's urine for a sample taken on June 2, 2017. (*Id.*) Defendant also signed an admission to the use of methamphetamine on May 30, 2017 and June 26, 2017. (*Id.*) Because of this conduct, Defendant did not receive a credit in sentence for acceptance of responsibility.

Defendant then argues that Amendment 782 should reduce his offense level by two (2) points. (ECF No. 1138.) Amendment 782 to the Sentencing Guidelines revised the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in §2D1.1 incorporate the statutory mandatory minimum penalties for such offenses. United States Sentencing Commission, U.S.S.G. Amendment 782, https://www.ussc.gov/guidelines/amendment/782. This amendment took effect on November 1, 2014. *Id.* As the Government correctly points out, because the 2016 Guidelines Manual was in effect when Defendant was sentenced, it was used to calculate his advisory sentencing guideline range. (ECF No. 816 at 27 ¶ 101.) Therefore, Amendment 782 would have already been considered regarding Defendant's sentencing.  *See* United States Sentencing Commission, 2016 Sentencing Guidelines Manual § 2D1.1, https://www.ussc.gov/guidelines/2016-guidelines-manual/2016-chapter-2-d#NaN.

Additionally, as the Government points out in its Response, Defendant was indicted under 21 U.S.C. §§ 841(b)(1)(A) and 846, which state that the minimum term is ten (10) years imprisonment for offenses under these two (2) sections. (ECF Nos. 1119 at 2, 1151 at 2.) Therefore, the court could not have sentenced Defendant to a term less than what he received, one hundred twenty (120) months.

3

## IV. CONCLUSION

After a thorough review of Defendant's Motions to Reduce Sentence (ECF Nos. 1115, 1138) and the record in this case, the court **DENIES** Defendant's Motions.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 22, 2020
Columbia, South Carolina

4